IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER CELEDEN YATES**                                    **PLAINTIFF**

V.                              **CASE NO. 5:18-cv-05187**

**SHERIFF SHAWN HOLLOWAY, Benton
County, Arkansas; SHOP SUPERVISOR
JAMES BOUDREAX, Benton County
Detention Center (BCDC); INVESTIGATOR
JOE ADAMS, Internal Affairs, BCDC;
CAPTAIN PAUL, Captain of the Criminal
Investigation Division, BCDC; LIEUTENANT
HOLT, BCDC, and CAPTAIN GUYLL, BCDC**                            **DEFENDANTS**

## OPINION AND ORDER

Christopher C. Yates, currently an inmate of the Benton County Detention Center, has filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff's Amended Complaint (Doc. 7) is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

According to the allegations of the Amended Complaint, Plaintiff was exploited by the shop supervisor, Defendant James Boudreax.[1] Specifically, Plaintiff alleges that in

---

[1] In the case caption of the Amended Complaint, Plaintiff spells Shop Supervisor James'

1

May or June of this year, Defendant Boudreax told the Plaintiff, who was a trustee, that if Plaintiff "could do a couple of his personal projects" that Defendant Boudreax would make sure Plaintiff would get a "probation deal." Plaintiff asserts that Defendant Boudreax knowingly got the Plaintiff involved in committing the crime of stealing county property for personal gain. Plaintiff maintains Sheriff Holloway, Investigator Adams, Captain Paul, Lieutenant Holt, and Captain Guyll "turned [their] heads" under the "false pretense" that they were investigating the matter.

As relief, Plaintiff asks that all his legal bills be paid, for enough money "to start a business of my desire" ($300,000 to $400,000), and for immunity for the "amount of time evidence is to be held for violent crimes."

## II.   LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether

---

last name "Boudreaux." However, when he lists the names of the Defendants, Plaintiff spells it "Boudreax." This is the spelling the Court has used throughout.

2

a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009). The focus in this case is on the second element.

There is no constitutional right to probation. Rather, a sentence of probation "is unquestionably a matter of grace rather than right and the granting of a period of probation rests within the sound discretion of the trial judge." *United States v. Hopper*, 440 F. Supp. 1208, 1209 (N.D. Ill. 1977) (citation omitted); *see also Gordon v. State*, 601 S.W. 2d 598, 600 (Ct. App. 1980) ("[T]here is no right of probation when one has been convicted of a crime, rather it is a matter of judicial sufferance or grace.").

Further, an oral promise with respect to a plea agreement is not enforceable unless made by the prosecuting attorney or an authorized agent. *San Pedro v. United States*, 79 F.3d 1065, 1068 (11th Cir. 1996). If made by a prosecuting attorney, the promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262 (1971); *see also Ellis v. State*, 703 S.W. 2d 452, 453 (Ark. 1986) ("[N]o accused is guaranteed he will actually receive the benefit of his plea bargain, but he is guaranteed the prosecutor will seek or not oppose the concessions promised."). However, "[d]iscussions with police officers or

[detention center personnel] are not plea negotiations and 'agreements' reached are not plea deals." *Rosas v. Reed*, 2015 WL 510110, at*7-8 (W.D. Tex. Feb. 2, 2015). Here, Plaintiff does not allege he ever reached an agreement with a prosecuting attorney—or that he even received an offer from a prosecuting attorney. Due process does not render the oral promise allegedly made by Defendant Boudreax enforceable under § 1983. No liberty or property interest exists.

"To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999) (citations omitted). Additionally, the plaintiff must prove the deprivation of a constitutional or civil right to prevail. *Id.* (citation omitted). Here, Plaintiff does not allege that a conspiracy existed between James Boudreax and the Defendants. Instead, his claim against the other Defendants is that they failed to properly investigate when he complained of Defendant Boudreax's conduct. He does not allege the Defendants engaged in an overt act in furtherance of a conspiracy. Plaintiff asserts that Defendant Boudreax himself engaged in a criminal act—the use of County property for personal gain. Further, as noted above, Plaintiff has no constitutional right to probation, and the promise alleged to have been made by Defendant Boudreax is unenforceable and did not create a liberty or property interest.

## IV. **CONCLUSION**

The claims asserted are subject to dismissal because they are frivolous or fail to

state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITHOUT PREJUDICE**. See 28 U.S.C. § 1915(e)(2)(B)(i-ii).

This dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act. **The Clerk is directed to enter a § 1915(g) strike flag on this case.**

**IT IS SO ORDERED** on this 16th day of October, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE